OVERTON, Justice,
specially concurring.
I write separately to emphasize that, in my view, the initiative petition is misleading principally because it substantially modifies and amends article IV, section 8(c), of the Florida Constitution without mentioning that fact in either its text or title. As the majority notes, article IV, section 8(c), grants to the legislature the authority to create a parole and probation commission with the power “to grant paroles or conditional releases to' persons under sentences for crime.” For all intents and purposes, that provision would be rendered meaningless if the proposed amendment is adopted. I firmly believe that any initiative petition that substantially amends or modifies an existing provision of the constitution must mention that fact in its explanation of the proposal; otherwise, the initiative petition is misleading.
I also note that the initiative petition appears to use the term “incentive gain time” in a broader or different manner than we have defined and characterized that term in our opinions construing the application of gain time to a prisoner’s sentence. The legislature, through its statutory provisions, and this Court, through its opinions, have established three different types of gain time: (1) basic gain time, (2) incentive gain time, and (3) administrative gain time.
Basic gain time is gain time that
is applied as a lump-sum award to reduce the overall length of sentence the day the prisoner enters the prison gates. Though not necessarily a part of the sentence in a technical sense, the award of basic gain time is a quantifiable determinant of a prisoner’s overall term, which ... may operate as a “factor entering into both the defendant’s decision to plea bargain and the judge’s calculation of the sentence to be imposed.” Weaver v. Graham, [450 U.S. 24, 32, 101 S.Ct. 960, 966, 67 L.Ed.2d 17 (1981) ].
Dugger v. Rodrick, 584 So.2d 2, 4 (Fla.1991), cert. denied, — U.S.-, 112 S.Ct. 886, 116 L.Ed.2d 790 (1992).
The second type of gain time, incentive gain time, is “for labor performed and constructive activities, although contingent upon performance and good behavior, [and] is also quantifiable based upon the length of sentence imposed.” Rodrick, 584 So.2d at 4.
The third type of gain time, administrative gain time, is an award of provisional credits and “is strictly an administrative mechanism to relieve prison overcrowding.” Dugger v. Grant, 610 So.2d 428, 432 (Fla.1992). Fur *728 ther, “because provisional credits are solely implemented to relieve prison overcrowding, are in no way tied to an inmate’s overall length of sentence, and create no reasonable expectation of release on a given date, no substantive or procedural ‘liberty’ due process rights vest in an inmate under the statute.” Id.
Although it is not clear from the initiative petition, it appears that the gain time referred to in the proposed amendment is that which we have defined as “basic gain time” because the proposed amendment states that the incentive gain time it is addressing shall not be automatic. The amendment does not appear to address administrative gain time or the type of incentive gain time that is earned for labor performed and for constructive activities that are separate and apart from good conduct. In conclusion, it is not clear to me whether the proposed amendment applies to all three types of gain time or is intended to apply only to what this Court and the legislature have defined as the automatic “basic gain time.” I agree with the majority that the amendment is misleading and violates the ballot summary requirements.
WELLS, J., concurs.